UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CARLOS STEPHENSON, ET AL           CIVIL ACTION NO. 18-cv-0446

VERSUS                             JUDGE DOUGHTY

AEGIS SECURITY INSURANCE CO., ET AL   MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

**Introduction**

Carlos Stephenson and his wife filed suit in state court for personal injuries allegedly suffered in a car accident. Defendants removed the case based on an assertion of diversity jurisdiction, which puts the burden on the removing defendants to assert facts that establish complete diversity of citizenship and the requisite amount in controversy. The current pleadings do not satisfy that burden, but the removing defendants will be allowed until **April 23, 2018** to file an amended notice of removal and attempt to meet their burden.

**Amount in Controversy**

The court has reviewed the removal papers and finds that defendants have satisfied their burden with respect to the amount in controversy, based largely on the representations of defense counsel about the particulars of Mr. Stephenson's injuries and diagnoses, as well as Stephenson's counsel's reported contention that the requisite amount is in dispute. There are, however, some issues with respect to the citizenship of the parties.

**Citizenship**

**Plaintiffs** and defendant **Raul Monreal** are alleged in notice of removal to be *residents* of Louisiana and Texas.  It is domicile rather than mere residency that decides citizenship for diversity purposes, and "[i]t is well established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888 (5th Cir. 1984).  A person may have a residence in more than one state, but he has only one domicile at a time, and that domicile establishes his citizenship for purposes of diversity jurisdiction.  Defendants should amend their notice of removal to specifically allege the state in which each individual party is domiciled.

The petition names as a defendant Timco Logistics Systems, LLC d/b/a Timco Logistics Systems, Inc.  It is not quite clear whether both Timcos are actual entities or whether the "Inc." version is merely a D/B/A trade name.  This needs to be clarified in the removal papers, and the citizenship of the entity or entities needs to be properly alleged.

**Timco Logistics Systems, LLC** is described in the notice of removal as organized under Texas law with its principal place of business in Texas.  The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008).  "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017).  If the members are themselves partnerships, LLCs, corporations or other form

of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Feaster v. Grey Wolf Drilling Co., 2007 WL 3146363 (W.D. La. 2007); Adams v. Wal-Mart Stores, Inc., 2014 WL 2949404 (W.D. La. 2014).

**Timco Logistics Systems, Inc.** is mentioned in paragraph 12 of the notice of removal. Defendants merely acknowledge that Plaintiffs correctly allege in their petition that Timco is a "foreign corporation" located in the State of Texas. A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is where its high-level officers direct, control, and coordinate the corporation's activities. This place is sometimes described as the "nerve center" of the corporation. Hertz Corp. v. Friend, 130 S.Ct. 1181 (2010).

To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001). If Timco Logistics Systems, Inc. is an actual entity and party, an amended notice of removal needs to allege that Timco "is incorporated in \_\_\_\_\_ and has its principal place of business in \_\_\_\_."

**Aegis Security Insurance Company** is described in the petition as a foreign insurance *company* doing business in Louisiana. The notice of removal states that Aegis is a foreign *insurer* organized under Pennsylvania law with its principal place of business in Pennsylvania. That would be satisfactory to allege the citizenship of Aegis if it were specified that Aegis is a corporation. Instead, the pleadings identified it only as a company and insurer, which could be either a corporation or an unincorporated association. The notice of removal will need to specify Aegis's form of entity and then allege its citizenship with specificity in accordance with the applicable rules for that form of entity.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of April, 2018.

_____
Mark L. Hornsby
U.S. Magistrate Judge